UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUMBERTO TORO,

                           Plaintiff,                09 Civ. 5567 (SHS)

        -against-

                                                     **ANSWER**

VIOLY McCAUSLAND,

                        Defendant.

---

The defendant, Violy McCausland ("Defendant"), by and through her attorneys, Chadbourne & Parke LLP, for her Answer to the Complaint and Jury Demand of the plaintiff Humberto Toro ("Plaintiff"), dated June 17, 2009, alleges as follows:

## JURISDICTION

1.     Defendant states that paragraph 1 of the Complaint calls for a legal conclusion to which no response is required.

## VENUE

2.     Defendant states that paragraph 2 of the Complaint calls for a legal conclusion to which no response is required.

3.     Defendant states that paragraph 3 of the Complaint calls for a legal conclusion to which no response is required.

## PARTIES

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in paragraph 5 of the Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that the parties entered certain letter agreements on or about September 1, 1999 and September 15, 1999 and refers to those letter agreements for the true and complete content thereof.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that the parties entered a letter agreement on or about February 1, 2000 and refers to that letter agreement for the true and complete content thereof.

8. Admits the allegations contained in paragraph 8 of the Complaint, but avers that the proposed transfer of Defendant's interest was not approved by Violy, Byorum & Partners Holdings, LLC.

9. Defendant states that paragraph 9 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint, but states that Plaintiff paid monies to Defendant pursuant to the letter agreements.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint, except admits that defendant owns a cooperative apartment located in New York, New York.

14. Denies the allegations contained in paragraph 14 of the Complaint, except admits that Plaintiff was named as a beneficiary of a life insurance policy.

15. Admits the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint, except admits that Defendant paid $500,000.00 to Plaintiff.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant states that paragraph 24 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint, except admits that Defendant paid $500,000.00 to Plaintiff.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant states that paragraph 29 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant states that paragraph 30 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant states that paragraph 31 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant states that paragraph 33 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

## JURY DEMAND

35. Defendant states that the allegation contained in paragraph 35 of the Complaint is a jury demand to which no response is required.

## AFFIRMATIVE DEFENSES

### First Defense

36.     The Complaint, and all counts therein, fails to state a claim upon which relief can be granted.

### Second Defense

37.     Plaintiff's claim is barred by the Statute of Frauds.

### Third Defense

38.     Plaintiff's claim is barred by the applicable statute of limitations.

### Fourth Defense

39.     Plaintiff's claim fails to show any consideration was given to the Defendant as a result of or in connection with the alleged modification of the letter agreements.

### Fifth Defense

40.     Plaintiff's claim is subject to set-off as a result of payments Defendant made to him.  Plaintiff claims that Defendant paid $500,000.00 to him.

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety and granting Defendant her costs in this action and such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
         October 28, 2009

                                              CHADBOURNE & PARKE LLP

                                              By:  *s/ Scott S. Balber*
                                                    Scott S. Balber
                                                    J. Carson Pulley
                                      Attorneys for Defendant
                                         Violy McCausland
                                      30 Rockefeller Plaza
                                      New York, New York 10112
                                      (212) 408-5100